DOUGLAS M. ROWAN
Nevada Bar No. 4736
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
*Attorneys for American Family*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANNETTE McCLAY, an individual; DARRELL McCLAY, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation; DOES I-X; ROE INSURANCE COMPANIES I-X; AND ROE CORPORATIONS I-X, inclusive, <br><br>Defendants. | CASE NO.: 2:10-cv-01898-RCJ-RJJ <br><br> **STIPULATED PROTECTIVE ORDER** |

AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter referred to as "AMERICAN FAMILY") will or may contend that some materials produced in this litigation are confidential materials that need protection. To preserve and maintain the confidentiality of documents which have been produced in this litigation, or which may be produced in the future by AMERICAN FAMILY or by other parties and/or third parties, which documents may constitute or contain trade secrets and/or other confidential or proprietary information, and to preserve and maintain the confidentiality of information which may be disclosed, sought, or elicited in this litigation by way of certain trade secrets and/or other confidential or proprietary information, the parties agree as follows:

///
///
///
///

IT IS HEREBY ORDERED THAT:

I. **Scope and Terms.**

1. This Order shall encompass all confidential documents, materials, pleadings, data information, testimony, statements, or evidence of any type or nature whatsoever ("Litigation Materials"), without regard to form, which is generated, produced, elicited, sought, or obtained, whether formally or informally, at any time during the course of this litigation, including but not limited to appeals, which contain trade secrets. All parties understand that the Plaintiffs have not had the opportunity to see these materials before entering into this agreement and that nothing in this agreement is intended to represent that the Plaintiffs agree or consent to any designation by AMERICAN FAMILY of any materials as truly confidential, trade secrets, or otherwise deserving of special protection.

2. As used in this Order, "Confidential Material" shall encompass any type of Litigation Materials, or any copies or portion thereof, designated as confidential, the information itself contained in such materials, and any document or other item of any type which is derived from such materials, including but not limited to copies and reproductions, notes or summaries pertaining to the Confidential Material, pleadings discussing the material, testimony discussing the material, correspondence incorporating or discussing the materials, statements pertaining the material, and exhibits.

II. **Designation of Confidential Material.**

1. If a party disagrees with a designation of confidentiality, the party shall notify AMERICAN FAMILY in writing. If the dispute cannot be resolved by agreement, the material designated as confidential shall remain confidential pending a ruling by the Court and the conclusion of any and all proceedings and appeals challenging such ruling. The party claiming confidentiality has the burden of proving the materials should be kept confidential.

Litigation Material other than documents produced by AMERICAN FAMILY may be designated confidential by other means reasonably sufficient to notify others that the material is subject to this Order. The designation of confidential deposition testimony, for example, is addressed by section III (5) of this Order.

A confidential designation shall not constitute a representation by AMERICAN FAMILY that it

has a reasonable basis to believe that the information is confidential, proprietary or contains a trade secret and that it has not been previously produced without a protective order, nor received into evidence in open court. AMERICAN FAMILY shall make good faith efforts to apply any stamp of confidentiality to the documents to be produced in a manner which will not cover or have contact with any writing, print, photograph, graphics, chart, figures or other information contained on the document.

2. Only one copy of any Confidential Material shall be provided upon request to a party's designated attorney of record ("Designated Attorney"). All Confidential Material received by the Designated Attorney of record shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

### III. Use and Disclosure of Confidential Material.

1. Confidential Material shall not be used by any party receiving it, including the party's attorney or other representatives and expert witnesses, for any purpose other than directly for the legitimate litigation of this action or as set out herein.

2. Confidential Material shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a) The parties;
   b) Counsel of record for the parties;
   c) The non-technical and clerical staff employed by counsel of record;
   d) The independent personnel retained by counsel of record to furnish technical or other expert services or advise or to give expert testimony;
   e) Court reporters and translators and deposition transcript reporters and translators; and
   f) The Court and its authorized staff.

3. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court provided that such documents are filed with the Clerk of Court under seal and prominently marked "Confidential Material Subject to Confidentiality Order." A reasonably similar designation shall also suffice.

4. Nothing in this agreement is intended to have any effect on trial. If AMERICAN

1  FAMILY desires protection at trial, a separate motion must be filed by them. AMERICAN FAMILY
2  understands that Plaintiffs intend to use Confidential Materials at trial, and AMERICAN FAMILY may
3  move for appropriate confidential treatment of the materials at trial.
4  **IV.      Return of Confidential Material.**
5       1.    This Order shall survive the termination of this action. All Confidential Material
6  shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court
7  renders a decision that any challenged material shall not be covered by the terms of this Order and any
8  and all proceedings and appeals challenging such decision are concluded.
9       2.    Within thirty (30) days of the final termination of this action, or thirty days following
10 the expiration of any right of appeal of a final judgment all Confidential Material, all copies thereof, and
11 each document and all copies thereof which incorporates or references in whole or in part, any
12 Confidential Material, shall be returned to counsel for AMERICAN FAMILY upon the request of
13 AMERICAN FAMILY's counsel.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

3. Upon final termination of this action, or within thirty days following the expiration of any right of appeal of a final judgment, all Confidential Material and all documents or other materials containing Confidential Material, which have been filed with the Clerk of Court under seal, shall be returned to AMERICAN FAMILY or made available for retrieval.

We consent to the within and foregoing order.

DATED this __18th__ day of __July__ 2011.

ATKIN WINNER & SHERROD

_____
Douglas M. Rowan
Nevada Bar No. 4736
*Counsel for Defendant American Family*

G. DALLAS HORTON & ASSOCIATES

_____
David L. Thomas, Esq.
Nevada Bar No. 3172
*Counsel for Plaintiffs*

DATED this __27TH__ day of __JULY__ 2011.

_____
~~DISTRICT COURT JUDGE~~
UNITED STATES MAGISTRATE JUDGE

Submitted by:

ATKIN WINNER & SHERROD

_____
Douglas M. Rowan
Nevada Bar No. 4736
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant American Family Insurance Co.*